



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 15, 1939

Honorable Joe C. Gladney
Criminal District Attorney
Henderson, Texas

Dear Sir:

Opinion No. O-777
Re: Whether Article 432, Penal
Code is violated under
circumstances set forth.

We are in receipt of your letter of May 6, 1939,
wherein you set forth the following facts:

"An instructor in music in the Carlisle Con-
solidated School District is related within
the prohibited degree to one of the trustees,
and is permitted to use the music room to
instruct pupils in music. The School District
does not compensate the instructor, nor is
any money paid or promised for services, either
directly or indirectly. However, the school
does furnish said instructor with a music room
and also furnishes her with a piano and charges
her no rent whatever."

You request our opinion as to whether or not, under
the circumstances set forth above, the school board violates
Article 432 of the Penal Code which reads as follows:

"No officer of this State or any officer of any
district, county, city, precinct, school district,
or other municipal subdivision of this State, or
any officer or member of any State, district,
county, city, school district or other municipal
board, or judge of any court, created by or under
authority of any general of special law of this
State, or any member of the Legislature, shall



Honorable Joe C. Gladney, May 15, 1939, Page 2

appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever. Acts 1909, p. 85, Acts 1915, p. 149."

From a reading of the above statute it may be noted that to constitute a violation there must be an appointment to an office, position, clerkship, employment or duty. Furthermore, there must be a compensation paid directly or indirectly, out of or from, public funds or fees of office of some kind. Merely permitting the instructor to use one of the rooms of the school in which to teach music would not constitute an appointment of her to an office, position, clerkship, employment or duty. Nor would permitting her to use the room free of charge constitute a payment to her of compensation out of public funds or fees of office. Your question is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:FL

APPROVED:

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN